O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY EUW-JONG SITANGGANG,<br><br>              Plaintiff,<br><br>   v.<br><br>COUNTRYWIDE HOME LOANS, INC;<br>COUNTRYWIDE HOME LOANS<br>SERVICING, L.P. ISAOA aka<br>COUNTRYWIDE HOME LOANS;<br>RECONSTRUST COMPANY, N.A.<br>aka RECON TRUST COMPANY,<br>N.A. aka RECONSTRUST<br>COMPANY,<br><br>              Defendants. | Case No. CV 09-01136 DDP (JWJx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**<br><br>[Motion filed on May 28, 2009] |

    This matter comes before the Court on Plaintiff Nancy Euw-Jong Sitanggang's Motion for a Preliminary Injunction[1] against the nonjudicial foreclosure of her home. After reviewing the materials submitted by the parties and considering the arguments therein, the Court denies the motion for the reasons discussed below.

///

---

[1] The Court construes Plaintiff's "Motion for an Order to Show Cause Re: Preliminary Injunction" as a Motion for Preliminary Injunction.

## I. BACKGROUND

### A. The Amended Verified Complaint

Plaintiff filed this action on February 17, 2009, and her Amended Verified Complaint ("Am. Compl.") on March 20, 2009. Plaintiff seeks damages and equitable relief for various violations of Constitutional, statutory, and common law rights "to own property and the privacy of [her] home." Am. Compl. ¶¶ 1-2.

Plaintiff alleges that she is the owner of property at 774 Morita Drive, Corona, CA 92879 ("the Property"). Id. at ¶ 17. On August 7, 2006, Plaintiff signed a promissory note and entered into a consumer mortgage transaction with non-defendant lender Countrywide Mortgage Ventures LLC in the amount of $709,000.00. Id. at ¶¶ 15, 22 ("First Loan"). On the same date, Plaintiff signed a second promissory note and entered into a second consumer mortgage transaction with non-defendant lender Countrywide Mortgage Ventures LLC in the amount of $177,200.00. Id. at ¶ 23 ("Second Loan"). Plaintiff simultaneously executed a Deed of Trust naming Mortgage Electronic Registration Systems, Inc. as beneficiary, for each loan. Id. at ¶¶ 25, 27. At the time of these transactions, Plaintiff alleges, the lender failed to give Plaintiff all material disclosures and delivered only one copy of Notice of Right to cancel for each loan. Id. at ¶¶ 31-32. Plaintiff alleges that she mailed a notice of rescission on August 9, 2006, and received a phone call from the lender that stated that the transaction was a purchase, not a refinance. Id. at ¶¶ 37-38.

On May 18, 2008, a Substitution of Trustee substituting Recontrust Company was recorded. Id. at ¶ 39. (Plaintiff alleges that the notary statement appears to show it was signed on May 14,

2008, but it was actually signed on May 7, 2008. Id. at ¶ 39.) Plaintiff alleges that neither Elisavet Meza, who signed the Substitution of Trustee, nor anyone at MERS had the authority to substitute trustee. Id. at ¶¶ 41-47. Plaintiff also alleges that the Substitution of Trustee does not match the Deed of Trust recorded on August 18, 2006. Id. at ¶ 48. Plaintiff alleges that she did not receive any mailed copy of the Substitution of Trustee until August 17, 2008. Id. at ¶ 52. When she did receive the Notice of Substitution of Trustee, Plaintiff alleges, it was deficient. Id. at ¶¶ 53-54.

On May 12, 2008, a Notice of Default was recorded. Id. at ¶ 49. On or about August 14, 2008, Defendant Recontrust Company, delivered to Plaintiff the Notice of Trustee's Sale. Id. at ¶ 55. On November 221, 2008, Defendant Countrywide Home Loans mailed to Plaintiff a Notice of Intent to Accelerate. Id. at ¶ 57. On January 15, 2009, MERS recorded a Corporation Assignment of Deed of Trust to Defendant Countrywide Home Loans Servicing for the benefit of Citigroup Global Markets Realty Corporation. Id. at ¶ 58. Plaintiff also alleges that there was no authority or capacity to assign the Deed of Trust. Id. at ¶¶ 58-62. In particular, Plaintiff alleges that the true beneficiaries of the Note are the investors of a loan trust of which the mortgage is an alleged part – not MERS – and that they did not give MERS the authority to assign the Deed of Trust. Id. at ¶¶ 65-70.

On March 12, 2009, Recontrust Company sent to Plaintiff unsigned copies of the (1) Notice of Trustee's Sale, (2) Affidavit of Mailing of Substitution of Trustee by Code, and (3) Substitution of Trustee. Id. at ¶ 63. Plaintiff alleges that the recorded

3

Substitution of Trustee does not match the one provided to Plaintiff. Id. at ¶ 64.

Plaintiff seeks relief on seven causes of action: (1) quiet title, (2) the Truth in Lending Act, 15 U.S.C. § 1601, (3) RESPA, 12 U.S.C. § 2601, (4) Wrongful Foreclosure, (5) to enjoin or set aside Trustee's Sale, (6) the Rosenthal Fair Debt Collection Practices Act, and (7) unfair business practices in violation of California Business & Professions Code § 17200. With respect to her quiet title action, Plaintiff alleges that she is the lawful owner fo the property and that the Defendants "are not the owners or holders of any promissory note encumbering the Property." Id. at ¶¶ 72-82.

With respect to her second cause of action, Plaintiff alleges that the distinction in the Truth-in-Lending Act between those who can rescind (refinancers) and those who cannot rescind (purchasers) their loans under TILA violates the Equal Protection Clause. Id. at ¶¶ 86-88. Because the distinction is unconstitutional, Plaintiff alleges, she has the right to rescind and deserves rescission here. Id. at ¶¶ 89-91.

Plaintiff's Third Cause of Action, against Countrywide Home Loans, Inc., alleges that Countrywide Home Loans violated RESPA because she requested information and Defendant failed to respond adequately within 60 days. Id. at ¶¶ 92-98. Plaintiff's Fourth Cause of Action, for wrongful foreclosure, against Recontrust Company and Countrywide Home Loans, alleges that the defendants have no right to foreclosure, in part because they were not and are not in possession of the Note and because there were procedural defects in the notice of the sale. Id. at ¶¶ 104, 112-14.

4

1  Plaintiff's Fifth Cause of Action seeks to set aside the trustee's
2  sale.  Id. at ¶¶ 119-121.
3       Plaintiff's Tenth Cause of Action alleges a violation of the
4  Rosenthal Act.  Plaintiff alleges that Defendants threatened to
5  take actions not permitted by law in attempting to collect a debt.
6  Id. at ¶ 123.  Finally, Plaintiff's Eleventh Cause of Action
7  alleges a violation of California Business and Professions Code
8  § 17200 on the basis of the other alleged violations of law.  Id.
9  at ¶¶ 125-30.
10      **B.   Plaintiff's TRO**
11      Plaintiff filed her Amended Verified Complaint on March 20,
12 2009.  At the same time, Plaintiff filed an Application for a
13 Temporary Restraining Order to enjoin the foreclosure sale
14 scheduled for April 1, 2009.  The Court denied the application on
15 the ground that Plaintiff had not shown a likelihood of success on
16 the merits justifying the extreme relief of a TRO.  See Docket
17 Entry No. 10 (March 30, 2009).
18      On May 28, 2009, while Defendants' Motion to Dismiss was
19 pending, Plaintiff filed this Motion for a Preliminary Injunction.
20 Because Plaintiff's proposed June 1, 2009 hearing date was outside
21 the timeline provided by the Central District of California Local
22 Rules, the Court on its own motion scheduled the hearing date for
23 the nearest appropriate date, June 22, 2009.
24      **C.   The Court's June 2, 2009 Order**
25      On June 1, 2009, the Court heard oral argument on Defendants'
26 Motion to Dismiss or, in the Alternative, to Strike Portions of the
27 Plaintiff's Complaint and for a More Definite Statement.  The
28

5

following day, the Court issued an order granting in part and denying in part those Motions.

The Court granted the Motion to Dismiss, without prejudice, with respect to Plaintiff's wrongful foreclosure, injunction of trustee's sale, and Rosenthal Fair Debt Collection Practices Act claims. The Court denied the Motion to Dismiss, also without prejudice, with respect to Plaintiff's TILA, RESPA, quiet title, and California UCL claims. The Court ordered Plaintiff to provide a more definite statement as to the basis for her TILA and RESPA claims. The Court's Order granted Plaintiff twenty days to amend her complaint to provide a more definite statement and to address any defects the Court found in its order. Plaintiff timely filed her Second Amended Complaint on June 19, 2009.[2]

## II. LEGAL STANDARD - PRELIMINARY INJUNCTION

"A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., — U.S. —, 129 S. Ct. 365, 374 (2008). An injunction "cannot issue merely because it is possible that there will be an irreparable injury to the plaintiff; it must be likely that there will be." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). A preliminary

---

[2] Because Plaintiff's Motion for a Preliminary Injunction was filed on the basis of the Amended Verified Complaint, and the parties have not briefed or argued this Motion on the basis of the Second Amended Complaint, the Court does not consider the Second Amended Complaint in this Order.

6

injunction is an "extraordinary remedy." Winter, 129 S. Ct. at 376.

**III. DISCUSSION**

With respect to the merits of Plaintiff's Motion for a Preliminary Injunction, the Court largely relies on its June 2, 2009 Order. See Dkt. No. 26 (June 2, 2009). The Court also notes that Plaintiff's Memorandum of Points and Authorities largely repeats her briefing in both her TRO Application and her Opposition to Defendants' Motion to Dismiss. The Court agrees with Plaintiff that if Defendants were allowed to proceed with a wrongful foreclosure, that foreclosure likely would result in irreparable injury. See, e.g., Cottonwood Christian Center v. Cypress Redevelopment Agency, 218 F. Supp. 2d 1203, 1230 (C.D. Cal. 2002). Because Plaintiff has not shown a likelihood of success on the merits, however, the Court denies the Motion for a Preliminary Injunction.

    **A.   Likelihood of Success on the Merits**

First, and critically, to show entitlement to a Preliminary Injunction, Plaintiff must show that her claims are likely to succeed on the merits. Plaintiff's Motion appears to rely on her claims for wrongful foreclosure.[3] Because the Court's June 2, 2009 dismissed those claims without prejudice, the Court will not enter a preliminary injunction on the basis of those claims. The Court also dismissed Plaintiff's RFDCPA claim, and it therefore cannot form the basis for a preliminary injunction. Additionally, the

---

[3] The Court's June 2, 2009 dismissed the Fifth Cause of Action (to enjoin or set aside the Trustee's sale) as wholly derived from the Fourth.

7

Court finds that Plaintiff has not shown a likelihood of success on the merits as to the remaining causes of action.

With respect to Plaintiff's Truth in Lending Act and quiet title claims, the Court finds that the allegations in the Amended Verified Complaint do not establish a likelihood of success on the merits. Although the Court did not dismiss Plaintiff's TILA claims, it did order Plaintiff to provide a more definite statement as to the basis for any violations of TILA. In order to hold Defendants (non-lenders) liable for alleged TILA violations, Plaintiff will need to show that the alleged violations were "apparent on the face of the disclosure statement provided in connection with such transaction." 15 U.S.C. § 1641(e)(1). Plaintiff's vague allegations do not provide sufficient information to establish a likelihood of success as to this claim. Additionally, Plaintiff has not established a likelihood of success as to her vague Equal Protection Clause claims. To the extent her claim is based on disparate treatment of home purchasers and home refinancers, Plaintiff has not alleged she is a member of a suspect class and the classification would therefore be subject only to the highly deferential rational basis review.[4] As Plaintiff's quiet title claim is premised on her TILA claim, the Court finds that she has not established a likelihood of success on that claim either.

Plaintiff likewise has not shown she is likely to succeed on the merits on her RESPA claim. Rather, as the Court noted in its

---

[4] Because Defendants did not address any potential infirmities in Plaintiff's Constitutional claims – and therefore did not give Plaintiff a chance to respond – the Court did not dismiss Plaintiff's constitutional claims at the Motion to Dismiss stage. The Court did express hesitation, however, as to the likely merits of such claims.

June 2, 2009 Order, Plaintiff's letter supported an inference that the letter was a qualified written request, but was not clearly such a request.  The Court therefore denied the Motion to Dismiss but granted the Motion for a More Definite Statement.  The uncertainty in Plaintiff's allegations cannot support a likelihood of success on the merits.

Finally, because Plaintiff's UCL claims are based on her other claims, she also has not shown a likelihood of success as to that claim.

### B. Other Factors

Because Plaintiff has not shown a likelihood of success on the merits, the Court need not address the other factors of the preliminary injunction framework.

## IV. CONCLUSION

For the foregoing reasons, the Court denies the motion.  The Court does so without prejudice so as to allow Plaintiff the opportunity to seek a preliminary injunction on the basis of her Second Amended Complaint.

IT IS SO ORDERED.

Dated: June 24, 2009

DEAN D. PREGERSON
United States District Judge